**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| JUAN CARLOS OLIVO RAMIREZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )      1:16CV602 |
| | ) |
| FRANK L. PERRY, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 2.) On October 9, 2008, in the Superior Court of Guilford County, a jury found Petitioner guilty of first-degree murder in case 06 CRS 102498, and Petitioner pleaded guilty to statutory rape in case 08 CRS 24333. (See id., ¶¶ 1, 2, 5, 6; see also Docket Entry 6-3 at 32; Docket Entry 6-18 at 173, 175-79.)[1] The trial court sentenced Petitioner to life imprisonment without the possibility of parole on the murder conviction, and 240 to 297 months' imprisonment on the rape charge, concurrent to the life sentence. (See Docket Entry 2, ¶¶ 3, 6; see also Docket Entry 6-3 at 33-34; Docket Entry 6-19 at 3-4.)

Petitioner appealed (see Docket Entry 2, ¶ 8) and, on December 8, 2009, the North Carolina Court of Appeals issued a decision

---

[1] Page citations refer to the page numbers that appear in the footer appended to documents upon their docketing in the CM/ECF system.

finding no prejudicial error at Petitioner's trial, State v. Ramirez, No. COA09-168, 201 N.C. App. 448 (table), 688 S.E.2d 551 (table), 2009 WL 4574977 (Dec. 8, 2009) (unpublished).[2] Approximately 11 months later, on November 10, 2010, Petitioner filed a pro se petition for discretionary review ("PDR") with the North Carolina Supreme Court, which that court denied on March 10, 2011, State v. Ramirez, 706 S.E.2d 255 (N.C. 2011).[3] Petitioner did not thereafter petition the United States Supreme Court for a writ of certiorari.[4]

Beginning in 2013, Petitioner made multiple pro se filings in the state courts and this Court, including: (1) a January 8, 2013, "Petition for Actual Innocence of First Degree Murder and Statutory Rape of a Child" in the North Carolina Supreme Court, which that court dismissed on January 24, 2013, State v. Ramirez, 366 N.C. 433, 736 S.E.2d 512 (2013); (2) a January 9, 2013, habeas petition under 28 U.S.C. § 2254 in this Court, which the Court dismissed on grounds of non-exhaustion on March 4, 2013, Ramirez v. Hall, No. 1:13CV22 (M.D.N.C. Mar. 4, 2013); (3) a February 18, 2013, "Petition for Actual Innocence of First Degree Murder and Statutory

---

[2] Petitioner did not appeal his sentence on the rape charge. See Ramirez, 2009 WL 4574977, at *1.

[3] The record does not contain a copy of Petitioner's November 10, 2010 PDR.

[4] Although Petitioner darkened the "Yes" box on his Petition corresponding to the question, "Did you file a petition for certiorari in the United States Supreme [Court?]," following that box, Petitioner listed information relating to a filing he made in the North Carolina Supreme Court on August 7, 2013. (See Docket Entry 2, ¶ 9(h).)

2

Rape of a Child" in the Guilford County Superior Court (Docket Entry 6-8),[5] which that court denied on March 19, 2013 (Docket Entry 6-9); (4) an August 7, 2013, mandamus petition in the North Carolina Supreme Court, which that court denied on August 27, 2013 (Docket Entry 6-10); (5) an August 21, 2013, motion for appropriate relief ("MAR") in the Guilford County Superior Court (Docket Entry 6-11), which that court summarily denied on September 11, 2013 (Docket Entry 6-12); (6) a June 25, 2015, motion for discovery in the Guilford County Superior Court (Docket Entry 6-13), which that court denied on July 30, 2015 (Docket Entry 6-14); (7) an August 17, 2015, "Motion for Last Argument(s)" in the Guilford County Superior Court (Docket Entry 6-15), which that court denied on February 5, 2016 (Docket Entry 6-16); and (8) an April 1, 2016, habeas petition under Section 2254 in this Court, which the Court dismissed on grounds of non-exhaustion on May 10, 2016, Ramirez v. Perry, No. 1:16CV302 (M.D.N.C. May 10, 2016).

Finally, Petitioner signed his instant Petition, under penalty of perjury, and dated it for mailing on May 31, 2016 (Docket Entry 2 at 15), and the Court stamped and filed the Petition on June 6, 2016 (id. at 1).[6]  Respondent has moved for summary judgment both

---

[5] The handwritten portions of Petitioner's filings use all capitals, but (for ease of reading) this Memorandum Opinion utilizes standard capitalization conventions when quoting such text.

[6] Under Rule 3(d) of the Rules Governing Section 2254 Cases in United States District Courts, the Court deems the instant Petition filed on May 31, 2016, the date Petitioner signed the Petition (under penalty of perjury) as submitted to prison authorities.  (See Docket Entry 2 at 15.)

on the merits and on grounds of untimeliness. (Docket Entry 5.) Despite receiving notice of Respondent's motion and the right to respond thereto under <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975) (Docket Entry 7), Petitioner has not responded to the summary judgment motion (<u>see</u> Docket Entries dated July 13, 2016, to the present.) The Court should grant Respondent's instant Motion because Petitioner submitted his Petition outside of the one-year limitations period.

## **Petitioner's Claims**

The Petition raises four grounds for relief: (1) "ineffective assistance of counsel" (Docket Entry 2 at 3); (2) "violation of the due process of the law" (<u>id.</u> at 7); (3) "insufficient basis for sentence" (<u>id.</u> at 8); and (4) the trial court manipulated the jury instructions in order for the jury to find Petitioner guilty of first degree murder (<u>id.</u> at 10).

## **Discussion**

Respondent moves for summary judgment because Petitioner filed his Petition outside of the one-year limitations period, <u>see</u> 28 U.S.C. § 2244(d)(1). (<u>See</u> Docket Entry 6 at 12-19.) In order to assess Respondent's statute of limitations argument, the undersigned must first determine when Petitioner's one-year period to file his Petition commenced. The United States Court of Appeals for the Fourth Circuit has explained:

4

> Under § 2244(d)(1)(A)-(D), the one-year limitation period begins to run from the latest of several potential starting dates:
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008). The Court must determine timeliness on claim-by-claim basis. See Pace v. DiGuglielmo, 544 U.S. 408, 416 n.6 (2005). Neither Petitioner nor Respondent contend that subparagraphs (B), (C), or (D) apply in this situation. (See Docket Entries 2, 4, 5, 6.) Thus, the undersigned must decide when, under subparagraph (A), the statute of limitations commenced.

Under subparagraph (A), Petitioner's convictions, for purposes of the statute of limitations, became final on January 12, 2010 – the final day on which he could have appealed or petitioned for discretionary review of the denial of his direct appeal by the

5

North Carolina Court of Appeals. See N.C.R. App. P. 14(a) (requiring notice of appeal within fifteen days after Court of Appeals issues mandate), 15(b) (allowing fifteen days after Court of Appeals issues mandate to file PDR), 32(b) (providing mandate shall issue twenty days after Court of Appeals files opinion unless otherwise ordered); see also Gonzalez v. Thaler, __ U.S. __, __, 132 S. Ct. 641, 653-54 (2012) (holding that a petitioner's conviction becomes final when time for pursuing direct review expires); Saguilar v. Harkleroad, 348 F. Supp. 2d 595, 598, 601 (M.D.N.C. 2004) (deeming the petitioner's case final thirty-five days after Court of Appeals issued opinion where the petitioner did not file timely PDR), appeal dismissed, 145 F. App'x 444 (4th Cir. 2005).[7]

Petitioner's one-year period then ran, unimpeded, from January 12, 2010, until its expiration on January 12, 2011, and Petitioner did not file his instant Petition until May 31, 2016 (Docket Entry 2 at 15), over five years out of time. As an initial matter, Petitioner's belated PDR in the North Carolina Supreme Court could not toll the statute of limitations, see Hernandez v. Lewis, Civ. No. 5:11-HC-2037-BO, 2012 WL 3561787, at *3 n.1 (E.D.N.C. Aug. 16,

---

[7] As Petitioner did not timely file either a notice of appeal or a PDR with the North Carolina Supreme Court, he does not benefit from an additional 90 days to file a petition for a writ of certiorari in the United States Supreme Court. See Gonzalez, ___ U.S. at ___, 132 S.Ct. at 653-54 (ruling that, where a petitioner does not timely seek review in state's highest court, the petitioner does not receive benefit of 90 days to seek certiorari to the United States Supreme Court under Supreme Court Rule 13.1).

2012) (unpublished) (holding that the "[p]etitioner's out-of-time pro se [PDR] filed in the North Carolina Supreme Court . . ., does not resurrect his direct appeal or otherwise toll the one-year period of limitation"). Moreover, although (as detailed above) Petitioner made numerous other pro se filings in various state courts and this Court from 2013 to 2016, he filed them all <u>after</u> the limitations period had already run, and those belated filings could not toll the statute, <u>see</u> <u>Minter v. Beck</u>, 230 F.3d 663, 665 (4th Cir. 2000) (finding that state filings made after expiration of federal limitations period do not restart or revive that period). Therefore, Petitioner filed his claims untimely, outside of the statute of limitations.

Despite the Petition's untimeliness, Petitioner requests that the Court address the merits of his Petition. (Docket Entry 2 at 13-14.) Although the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one-year statute of limitations for habeas claims, <u>see</u> 28 U.S.C. § 2244(d)(1), a court can equitably toll the one-year limitations period, <u>see</u> <u>Holland v. Florida</u>, 560 U.S. 631, 634 (2010). Equitable tolling requires that Petitioner demonstrate that (1) he has diligently pursued his rights, and (2) extraordinary circumstances prevented a timely filing. <u>Id.</u> at 649. Equitable tolling involves a case by case analysis. <u>Id.</u> at 649-50.

Here, Petitioner argues that Trevino v. Thaler, __ U.S. __, 133 S. Ct. 1911 (2013), and Martinez v. Ryan, __ U.S. __, 132 S. Ct. 1309 (2012), provide an exception to the statute of limitations. (See Docket Entry 2 at 13-14.) However, both Trevino and Martinez addressed whether a court could bypass the procedural default rule to address claims of ineffective assistance of counsel in certain situations. See Trevino, __ U.S. at __, 133 S. Ct. at 1915; Martinez, __ U.S. at __, 132 S. Ct. at 1313. In both cases, the Supreme Court held that where petitioners, under state law or as a matter of practice, cannot claim ineffective assistance of counsel on direct review, the procedural default rule will not prevent a federal court from addressing the issue if petitioners had either no counsel or ineffective counsel in the initial-review collateral proceeding. Trevino, __ U.S. at __, 133 S. Ct. at 1921; Martinez, __ U.S. at __, 132 S. Ct. at 1320. Neither case even addressed the statute of limitations, see Trevino, __ U.S. at __, 133 S. Ct. at 1911; Martinez, __ U.S. at __, 132 S. Ct. at 1309, and thus Petitioner erroneously relies on Trevino and Martinez.

Petitioner also cites McQuiggin v. Perkins, ___ U.S. ___, 133 S. Ct. 1924 (2013), in the section of his instant Petition regarding timeliness (see Docket Entry 2 at 13-14), which the Court could construe as a contention that his actual innocence ought to prevent application of the statute of limitations. The United States Supreme Court has recognized that a showing of actual

8

innocence may overcome the one-year statute of limitations. McQuiggin, ___ U.S. at ___, 133 S. Ct. at 1928. However, the Court also recognized that showings of actual innocence "are rare," and that a petitioner must demonstrate that no reasonable juror could vote to find the petitioner guilty beyond a reasonable doubt. Id. Petitioner has made no such showing. (See Docket Entry 2.)

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion for Summary Judgment (Docket Entry 5) be granted, the Petition (Docket Entry 2) be denied, and that Judgment be entered dismissing this action, without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

September 28, 2016